IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-449-BO

| | | |
|---|---|---|
| VELMA PEOPLES JENKET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on parties' cross motions for judgment on the pleadings. [DE 16, 18]. A hearing was held in Elizabeth City, North Carolina, on May 19, 2016. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

BACKGROUND

On January 9, 2012, plaintiff protectively filed for a period of disability, disability insurance benefits, and supplemental security income, alleging an onset date of August 8, 2008 (later amended to August 16, 2011). [Tr. 17]. The claim was denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge (ALJ) on November 8, 2013. *Id.* The ALJ issued an unfavorable decision on January 10, 2014. [Tr. 23]. The Appeals Council issued an unfavorable decision on July 7, 2015. [Tr. 6]. The Appeals Council found that plaintiff did not have past relevant work performed within the past 15 years that she was still able to perform but went on to find that plaintiff's residual functional capacity, age, education, and work experience directed a finding that plaintiff was not disabled. [Tr. 5–6]. Plaintiff sought review in this Court.

Plaintiff was 56 years old at her alleged onset date. Plaintiff completed high school and has past work as a packer/production operator. Plaintiff has human immunodeficiency virus (HIV) and right knee pain. [Tr. 20].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since August 16, 2011. [Tr. 20]. Next, the ALJ determined that plaintiff's HIV and right knee pain were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. *Id.* At step four, the ALJ found that plaintiff was capable of performing the full range of medium work with no non-exertional restrictions. *Id.* Finally, the ALJ concluded that plaintiff's past relevant work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. [Tr. 22]. A vocational expert testified that someone with plaintiff's residual functional capacity could perform the duties of a packer, plaintiff's past relevant work. [Tr. 23]. Accordingly, the ALJ found that plaintiff was not disabled since August 16, 2011. *Id.* The Appeals Council subsequently found that plaintiff had no past relevant work that she could perform. [Tr. 5]. Nevertheless, the Appeals Council found that, due to plaintiff's RFC, age, education, and work experience, she was not disabled. *Id.*

Plaintiff now seeks review of the ALJ's determination that she is not disabled, contending that the ALJ erred in finding an RFC of medium and in the credibility determination.

Plaintiff first argues the ALJ erred in finding that plaintiff had an RFC of medium. The Court cannot agree that this was in error. Residual functional capacity is the most a claimant can do despite his/her limitations. 20 CFR § 404.1545. It is determined by considering all relevant medical evidence and other evidence and considers the claimant's ability to meet the physical, mental, sensory, and other requirements of work. *Id.* Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds, and if someone can do medium work, he/she can also perform light and sedentary work. 20 CFR 404.1567. The Court finds that there is substantial evidence to support an RFC of medium.

3

Plaintiff's activities, reasons for leaving her past work, and medical records constitute substantial evidence of plaintiff's ability to perform medium work. Plaintiff is the primary caregiver for her twelve year-old granddaughter. Plaintiff testified that she was terminated for tardiness from her job at the tire plant because of issues finding a babysitter for her granddaughter; she apparently did not leave because of a disability. [Tr. 35]. Plaintiff told one doctor she had retired early and had since attempted to return to the workforce. [Tr. 301]. The Court also notes that the medical reports in the record indicate that plaintiff's HIV is well-controlled by medication, noting that the instance of an increased viral load cited by the ALJ occurred at a time when plaintiff admitted she may have missed some doses of medication. [Tr. 248]. Moreover, there is no indication in the medical records that any doctor has placed plaintiff on restrictions due to her condition. Finally, the record contains the conclusions of state agency doctors who conclude plaintiff was capable of medium work. [*See, e.g.*, Tr. 53–58]. For all the above reasons, the Court finds that there was substantial evidence to support an RFC of medium, and the ALJ's finding of such was not in error.

Plaintiff next argues that the ALJ wrongfully discredited plaintiff's testimony. The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [Tr. 21]. The Court finds that this credibility determination is supported by substantial evidence and should thus remain undisturbed. "Subject only to the substantial evidence requirement, it is the province of the Secretary, and not the courts, to make credibility determinations," so the appropriate inquiry is whether the credibility determination in this case was supported by substantial evidence. *See Mickles v. Shalala*, 29 F.3d 918, 929 (4th Cir. 1994). The Court finds that it was. When considering a claimant's credibility, the ALJ properly looks to, among other things, the medical evidence and other evidence that may

speak to plaintiff's symptoms. *See* 20 CFR § 404.1529. Here, as discussed above, the medical evidence indicated that plaintiff's conditions were not disabling. Moreover, the ALJ could properly consider plaintiff's testimony that she left work because of tardiness issue, not disability (indeed, the record indicates that plaintiff continued to work even after her HIV diagnosis), as well as her statement to a doctor that she had since looked for new work. The Court notes that the ALJ also properly considered plaintiff's activities of daily living, which revealed some limitations but also included being the primary caregiver for a twelve year-old. For all these reasons, the Court finds that substantial evidence supports the ALJ's credibility determination in this case.

For all the reasons discussed above, the Court finds that the ALJ's decision reflects a thorough consideration of the medical record and the testimony in this case and is supported by substantial evidence. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED, and defendant's motion for judgment on the pleadings [DE 18] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __2__ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE